Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8263 | **DATE** | 5/20/2002 |
| **CASE TITLE** | ANGELA SMITH vs. CONTINENTAL COMMUNITY BANK & TRUST | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Bank's Rule 12(b) motion to dismiss is granted in part and denied in part. The FDCPA claim plaintiff asserts against it in Count I is dismissed with prejudice. The IIED claim she asserts against it in Count IV is dismissed without prejudice. The motion is in all other respects denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend her IIED claim against the Bank. If she fails to do so in that time period, that claim will be dismissed with prejudice. Status hearing date of 7/16/02 is stricken and reset to 6/4/02 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 21 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
MAY 21 2002

ANGELA SMITH, )
)
        Plaintiff, )
)
v. ) No. 01 C 8263
) Paul E. Plunkett, Senior Judge
CONTINENTAL COMMUNITY BANK & )
TRUST CO., INC., an Illinois State )
Commercial Bank, OFFICER GUDE, )
OFFICER COOPER, MARY DOE and )
RICHARD DOE, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for their alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and 42 U.S.C. § 1983 ("section 1983"), for false arrest and for intentional infliction of emotional distress. The case is before the Court on Continental Community Bank & Trust Co.'s ("the Bank") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the claims asserted against it. For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

On February 3, 2001, plaintiff went to the Bank, for reasons not alleged in the complaint. (Compl. ¶ 7.) When she arrived there, a security guard escorted her to the office of a bank employee. (Id.) The security guard refused to let her leave the office to use the bathroom. (Id.)

Sometime thereafter, another bank employee told the security guard to take plaintiff to another office. (Id.) Subsequently, defendants Gude and Cooper, Maywood police officers who were armed and dressed in plain clothes, came into the office. (Id. ¶ 8.) "Defendant officers took and held Plaintiff in custody, under color of law, while said officers attempted to collect an alleged debt from the Plaintiff, her friends and relatives." (Id. ¶ 9.) For the next few days, plaintiff was held at the Maywood Police Department and "other locations, including Plaintiff's residence," while the officers tried to collect the alleged debt. (Id. ¶ 10.) Plaintiff was released after the officers collected more than $12,000.00 from plaintiff and her friends and relatives. (Id.)

"Plaintiff was never advised of her rights or arrested. Defendants conspired and agreed to engage in the afore stated acts, for the benefit of [the Bank]." (Id. ¶ 12.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

In Count I, plaintiff alleges that the Bank violated her rights under the FDCPA, which prohibits a variety of abusive debt collection practices. The statute defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Plaintiff has not alleged that the officers were trying to collect a debt within the meaning of the statute. Absent such allegations, her FDCPA claim must be dismissed. See Berman v. GC Servs. Ltd. P'ship, 146 F.3d 482, 484 (7th Cir. 1998) (noting that the FDCPA's definition of "debt" limits the statute's scope).

Even if plaintiff could allege that the officers were trying to collect a debt within the meaning of the statute, it would not save her claim. The statute prohibits "debt collectors" from engaging in abusive practices. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" or "any creditor, who in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Thus, the Bank can be held liable under the statute only if: (1) Officers Gude and Cooper were acting in their alleged capacity as Bank employees when they tried to collect the debt; and (2) they led plaintiff to believe that they worked for a third party who was trying to collect the debt for the Bank. See 15 U.S.C. § 1692a(6); Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) (stating that creditors' "debt collection activities are not subject to the Act unless they collect under a name other than their own.").

Plaintiff has alleged that the officers were acting as Bank employees, but she has not alleged that they tried to collect the alleged debt under the name of a person or entity other than the Bank. In fact, the only reasonable inference that can be drawn from the complaint is that she was fully aware that the Bank was the creditor for whom the officers were collecting. (See Compl. ¶¶ 7-11.)

Because plaintiff's allegations establish that the Bank was not trying to collect a debt under another name, it is not a debt collector within the meaning of the statute. The FDCPA claim she asserts against the Bank must, therefore, be dismissed.[1]

In Count II, plaintiff alleges that the Bank violated her rights under section 1983, which provides redress for constitutional injuries inflicted by state actors. To state a section 1983 claim against a private party like the Bank, plaintiff must allege that the Bank "invoked state authority in such a way that [it] should be considered a state actor." Davis v. Union Nat'l Bank, 46 F.3d 24, 25 (7th Cir. 1994). Though there are a number of tests for determining whether a private actor has engaged in state action within the meaning of section 1983, the only one that has any possible application here is the "joint action" test. Under that test, a private actor is deemed to be a state actor if it is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

Plaintiff contends that she has satisfied the joint action test by alleging that the Bank conspired with the defendant police officers to deprive her of her constitutional rights.[2] The Bank says such a conspiracy is impossible, given plaintiff's allegation that the officers were its agents, because a corporation cannot conspire with itself. But the Bank was not the officers' only employer. The officers were also, plaintiff alleges, employed by the Maywood Police Department. (Compl. ¶

---

[1]Even if, as plaintiff alternatively alleges, the officers were acting in their capacities as Maywood police officers when they tried to collect the debt, the result would be no different. Under that scenario, the Bank would be a creditor trying to collect a debt through a third-party, an entity to which the FDCPA does not apply. See 15 U.S.C. 1692a(6).

[2]In reality, plaintiff alleges that the police officers conspired "among themselves, and with others" to deprive plaintiff of her rights. (Compl. ¶ 19). Read in the context of the other allegations of her complaint, however, it is reasonable to infer that the Bank is one of the other alleged conspirators.

8.) The question, then, is in which capacity were they acting when they tried to collect the debt from plaintiff: as Bank employees or as Maywood police officers? If they were acting as Bank employees, they could not have conspired with the Bank. Salaymeh v. InterQual, Inc., 508 N.E.2d 1155, 1158 (Ill. App. Ct. 1987) ("The acts of an agent are considered in law to be the acts of the principal. Thus a conspiracy does not exist between a principal and an agent or servant.") If, however, they were acting in their capacities as police officers, i.e., acting under color of state law, there is no intracorporate conspiracy problem.

A police officer acts under color of state law whenever his actions are "in some way related to the performance of police duties." Gibson v. City of Chicago, 910 F.2d 1510, 1516 (7th Cir. 1990) (internal quotation marks, alterations and citations omitted). Thus, an officer who wears his uniform, uses his squad car and makes an arrest while moonlighting as a store security guard may be acting under color of state law, though he is not on active police duty at the time. Pickrel v. City of Springfield, 45 F.3d 1115, 1118 (7th Cir. 1995). Conversely, an officer who commits acts completely unrelated to police duties is not acting under color of state law, even if he does so while on active duty. Id. As a result, plaintiff's allegation that the officers are employees of the Bank will doom her section 1983 claim only if her complaint establishes that their actions were wholly unrelated to the performance of police duties.

It does not. According to the complaint, the officers were acting under color of state law, were armed, took her into custody, and detained her at, among other places, the Maywood Police Station. (Compl. ¶¶ 9-10.) Those allegations are sufficient, at this stage, to support the inference that the officers' actions were related to the performance of police duties, and thus, were taken under

color of state law.³ Moreover, under the liberal notice pleading standards of the Federal Rules of Civil Procedure, plaintiff's allegation that the Bank conspired with the officers to deprive her of her civil rights, conclusory though it is, is sufficient to state a section 1983 claim against the Bank on a theory of joint action. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002) ("A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts.")

In Count III of her complaint, plaintiff seeks to hold the Bank liable for false imprisonment. To state such a claim against the Bank, plaintiff must allege that her "personal liberty was unreasonably or unlawfully restrained against [her] will and that [the Bank] caused or procured the restraint." Vincent v. Williams, 664 N.E.2d 650, 654 (Ill. App. Ct. 1996). Once again, plaintiff's allegations pass muster. Read liberally, the complaint alleges that the Bank directed the officers to detain plaintiff, though it had no reason to believe she had committed a crime, until she paid a debt she allegedly owed to the Bank. (See Compl. ¶¶ 8-11.) Those allegations are sufficient to state a false imprisonment claim against the Bank.⁴

---

³Plaintiff also alleges that the officers wore plain clothes, did not arrest her and detained her at places other than the police station. (Compl. ¶¶ 8, 10-11.) Those allegations, though inconsistent with state action, do not necessarily preclude it. As such, they do not provide a basis for dismissal under Rule 12(b)(6).

⁴Contrary to the Bank's belief, plaintiff's allegation that the Bank had no reasonable grounds to believe she had committed a crime when it had her imprisoned is equivalent to alleging that there was no probable cause for her imprisonment. See Beck v. State of Ohio, 379 U.S. 89, 91 (1964) (holding that officers have probable cause if "the facts and circumstances within their knowledge and of which they ha[ve] reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.")

In the last count of her complaint, plaintiff accuses the Bank of intentional infliction of emotional distress ("IIED"). To state a claim for IIED, plaintiff must allege that: (1) the Bank's conduct was extreme and outrageous; (2) the Bank intended to inflict severe emotional distress on her or knew that there was a high probability that its conduct would do so; and (3) the Bank's conduct in fact caused her severe emotional distress. Wilson v. Norfolk & W. Ry. Co., 718 N.E.2d 172, 180 (Ill. 1999). Plaintiff's allegations that the Bank had her unlawfully imprisoned for several days to collect a debt satisfy the first element of the claim. Plaintiff has not, however, alleged that the Bank intended to cause her severe emotional distress or knew that its conduct was likely to do so or that she, in fact, suffered severe emotional distress. Absent those allegations, plaintiff's IIED claim against the Bank must be dismissed.

### Conclusion

For the reasons set forth above, the Bank's Rule 12(b)(6) motion to dismiss is granted in part and denied in part. The FDCPA claim plaintiff asserts against it in Count I is dismissed with prejudice. The IIED claim she asserts against it in Count IV is dismissed without prejudice. The motion is in all other respects denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend her IIED claim against the Bank. If she fails to do so in that time period, that claim will be dismissed with prejudice.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED: 5-20-02

-7-