# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8263 | **DATE** | 6/21/2002 |
| **CASE TITLE** | ANGELA SMITH vs. CONTINENTAL COMMUNITY BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Officers' 12(b)(6) motion to dismiss the FDCPA claim plaintiff asserts against it in Count I is granted and that claim is dismissed with prejudice. The 12(f) motion to strike plaintiff's request for declaratory judgment relating to this claim is denied as moot. Status hearing set for 7/11/02 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUN 2 4 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 28 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | TBK courtroom deputy's initials | 02 JUN 21 PM 2:15 | | date mailed notice | |
| | | date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ANGELA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 C 8263 |
| ) | Paul E. Plunkett, Senior Judge |
| CONTINENTAL COMMUNITY BANK & ) | |
| TRUST CO., INC., an Illinois State ) | |
| Commercial Bank, OFFICER GUDE, ) | |
| OFFICER COOPER, MARY DOE and ) | |
| RICHARD DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for their alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. and 42 U.S.C. § 1983 ("section 1983"), for false arrest and for intentional infliction of emotional distress. The case is before the Court on Officer Gude and Officer Cooper's ("the Officers") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the FDCPA claim asserted against them. The Officers have also filed a Federal Rule of Civil Procedure 12(f) motion to strike plaintiff's request for a declaration that the Officers have violated the FDCPA. For the reasons set forth below, the motion to dismiss is granted and the motion to strike is denied as moot.

## Facts

On February 3, 2001, plaintiff went to Continental Community Bank & Trust Co. ("the Bank"), for reasons not alleged in the complaint. (Compl.¶ 7.) When she arrived there, a security guard escorted her to the office of a bank employee. (Id.) The security guard refused to let her leave the office to use the bathroom. (Id.)

Sometime thereafter, another bank employee told the security guard to take plaintiff to another office. (Id.) Subsequently, defendants, Maywood police officers who were armed and dressed in plain clothes, came into the office. (Id. at ¶ 8.) "Defendant officers took and held Plaintiff in custody, under color of law, while said officers attempted to collect an alleged debt from the Plaintiff, her friends and relatives." (Id. ¶ 9.) For the next few days, plaintiff was held at the Maywood Police Department and "other locations, including Plaintiff's residence," while the Officers tried to collect the alleged debt. (Id. ¶ 10.) Plaintiff was released after the Officers collected more than $12,000.00 from the plaintiff and her friends and relatives. (Id.)

"Plaintiff was never advised of her rights or arrested. Defendants conspired and agreed to engage in the afore stated acts, for the benefit of [the Bank]." (Id. ¶ 12.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

In Count I, plaintiff alleges that the Officers violated her rights under the FDCPA, which prohibits a variety of abusive debt collection practices. Count I suffers from two infirmities, each of which is fatal. First, the statute defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Plaintiff has not alleged that the Officers were trying to collect a debt within the meaning of the statute. Absent such allegations, her FDCPA claim must be dismissed. See Berman v. GC Servs. Ltd. P'ship, 146 F.3d 482, 484 (7th Cir. 1998) (noting that the FDCPA's definition of "debt" limits the statute's scope).

Furthermore, the Officers are not subject to the strictures of the FDCPA. The statute prohibits "debt collectors" from engaging in abusive practices. A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . [including] any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Thus, the Officers can only be held liable under the statute if they: (1) were in a business the principal purpose of which is the collection of debts or they regularly collected debts; or (2) were acting in their alleged capacity as Bank employees when they tried to collect the debt and led plaintiff to believe that they worked for a third party who was trying to collect the debt for the Bank.

See 15 U.S.C. § 1692a(6); Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) (stating that creditors' "debt collection activities are not subject to the Act unless they collect under a name other than their own"); Arnold v. Truemper, 833 F. Supp. 678, 686 (N.D. Ill. 1993) (finding that police officers who allegedly harassed a bank patron to collect money owed the bank were not "debt collectors"within the meaning of the FDCPA).

Plaintiff has not alleged that the Officers operated a debt collection agency or that they regularly collected debts. Rather, she has alleged the Officers were acting as Bank employees, without asserting that they tried to collect the alleged debt under the name of a person or entity other than the Bank. (See Compl. ¶¶ 7-11.) In fact, the only reasonable inference that can be drawn from the complaint is that the Officers were collecting a debt on behalf of the bank. (Id.) The plaintiff says as much in her response to the motion to dismiss, stating, "the officers were acting as agents of the bank." (Resp. to Mot. to Dismiss ¶ 4). Because Plaintiff's allegations establish that the Officers were acting as agents of the Bank, and that the Bank was not trying to collect a debt under another name, the Officers are not a debt collectors within the meaning of the statute. The FDCPA claim plaintiff asserts against the Officers must, therefore, be dismissed.

One final note, the defendants also filed a 12(f) motion to strike plaintiff's request for declaratory judgment from the complaint. Because the FDCPA claim has been dismissed, this motion is now moot.

## Conclusion

For the reasons set forth above, the Officers's 12(b)(6) motion to dismiss the FDCPA claim plaintiff asserts against it in Count I is granted and that claim is dismissed with prejudice. The 12(f) motion to strike plaintiff's request for declaratory judgment relating to this claim is denied as moot.

**ENTER:**

_____
**UNITED STATES SENIOR DISTRICT JUDGE**

DATED: June 21, 2002